UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **02-20410 CR-UNGARO-BENAGES**
21 USC 952(a)
21 USC 841(a)(1)

**MAGISTRATE JUDGE BROWN**

UNITED STATES OF AMERICA

v.

PEDRO CAZARES
_____/



### INDICTMENT

The Grand Jury charges that:

### COUNT I

On or about April 25, 2002, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**PEDRO CAZARES,**

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule I controlled substance, that is, one kilogram or more of a mixture and substance containing a detectable amount of heroin; in violation of Title 21, United States Code, Sections 952(a) and 960(b)(1).



## COUNT II

On or about April 25, 2002, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**PEDRO CAZARES,**

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, one kilogram or more of a mixture and substance containing a detectable amount of heroin; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

A TRUE BILL

_Charles R. Leo III_
FOREPERSON

_[signature]_
GUY A. LEWIS
UNITED STATES ATTORNEY

_[signature]_
WIFREDO A. FERRER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02-20410-CR-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

UNITED STATES OF AMERICA

v.

PEDRO CAZARES

**CERTIFICATE OF TRIAL ATTORNEY***

Superseding Case Information:

**Court Division:** (Select One)

_x_ Miami ___ Key West
___ FTL ___ WPB ___ FTP

New Defendant(s)       Yes ___  No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:      (Yes or No) _No_
   List language and/or dialect ___

4. This case will take _2_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                    (Check only one)

   I    0 to 5 days       _x_        Petty       ___
   II   6 to 10 days      ___        Minor       ___
   III  11 to 20 days     ___        Misdem.     ___
   IV   21 to 60 days     ___        Felony      _x_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _Yes_
   If yes:
   Magistrate Case No. _02-2568-STB_
   Related Miscellaneous numbers: ___
   Defendant(s) in federal custody as of _04/25/02_
   Defendant(s) in state custody as of ___
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _x_ No    If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _x_ No

_____
WIFREDO A. FERRER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 087005

*Penalty Sheet(s) attached                                                          REV.6/27/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

02-20410 CR-UNGARO-BENAGES

Defendant Name: PEDRO CAZARES          Case No. _____

MAGISTRATE JUDGE
BROWN

| Count #: I |
|---|
| 21 USC 952(a)/Importation of Heroin |
| *Max Penalty: Life Imprisonment |
| |

| Count #: II |
|---|
| 21 USC 841(a)(1)/Possession with the Intent to Distribute Heroin |
| *Max Penalty: Life Imprisonment |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that

No. 02-20410 CR-UNGARO-BENAGES

# UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

_____ Division

THE UNITED STATES OF AMERICA

vs.

PEDRO CAZARES

# INDICTMENT

In violation of 21 USC 952(a)
             21 USC 841(a)(1)

A true bill.

_Charles Leiby II_
Foreman

Filed in open court this 7th
of May A.D. 2002

Nancy Flood
Deputy
Clerk

FGJ 02-01 (MIA)

Bail, $ _____

MAGISTRATE JUDGE

GRAND JURY INDICTMENT NO. 0201-MCN-54

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-2568-BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PEDRO CAZARES,

    Defendant.
_____/

NIGHT BOX FILED
APR 29 2002
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## **DEFENDANT'S MOTION TO PRESERVE EVIDENCE**

The defendant through counsel and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, moves for an order directing the government to preserve and to immediately direct its agents to preserve all of the alleged contraband evidence in this case in addition to all items of personal clothing and effects that were in the actual or constructive possession of the defendant at the time of his arrest. In support of this motion, undersigned counsel represents as follows:

1.    The defendant has been charged with importation of and possession of with intent to distribute illegal drugs.

2.    The defendant was arrested at Miami International Airport after disembarking from an airplane which arrived from abroad. Upon the defendant's arrest, all of his baggage and personal property were seized and taken from him.

SCANNED

WHEREFORE, the defendant respectfully requests this Court to enter an order directing the government to preserve and to immediately direct its agents to preserve all of the alleged contraband evidence in this case as well as any personal property, documents or effects that were in the defendant's actual or constructive possession at the time of his arrest.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Richard J. Lautenbach
Assistant Federal Public Defender
Florida Bar No. 435813
150 West Flagler Street, Suite 1500
Miami, Florida 33130-1556
Tel: (305) 536-6900
Fax No. (305) 530-7120

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this 29 day of April, 2002, to the United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

_____
Richard J. Lautenbach

S:\PerezB\Cazares\MotPresEvid.4-29-02.wpd

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NIGHT BOX FILED
APR 29 2002
CLARENCE MADDOX
CLERK, USDC / SDF / MIA

Case No. 02-2568-BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PEDRO CAZARES,

    Defendant.
_____/

### DEFENDANT'S INVOCATION OF RIGHTS TO SILENCE AND COUNSEL

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

SCANNED



The defendant requests that the U.S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Richard J. Lautenbach
Assistant Federal Public Defender
Florida Bar No. 633755
150 West Flagler Street, Suite 1500
Miami, Florida 33130-1556
Tel: (305) 536-6900
Fax No. (305) 530-7120

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this 25 day of April, 2002, to the United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

_____
Richard J. Lautenbach

S:\PerezB\Cazares\DefInvocRghts.4-29-02.wpd

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. __02-2568-BROWN__

UNITED STATES OF AMERICA,

v.

**ORDER DENYING GOVERNMENT'S
REQUEST FOR PRETRIAL DETENTION &
SETTING A BOND**

__PEDRO CAZARES__

This Cause came before the Court upon motion of (the government for pretrial detention) (the defendant to set a bond). Upon consideration, it is

**ORDERED AND ADJUDGED** as follows:

____ The government's motion is **denied**.

____ The defendant's motion is **granted**; bond is set at:

    ____ Personal Surety, unsecured, in the amount of $_____

    ____ Personal Surety in the amount of $_____ with 10% posted with Clerk of Court.

    ____ Personal Surety in the amount of $_____ secured by the following collateral: _____

    ____ Full Cash in the amount of $_____

    _✓_ Corporate Surety in the amount of $250,000 *with Nebbia*

    ____ Full Cash or Corporate Surety in the amount of $_____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

_✓_ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
_✓_ REPORT TO PTS AS FOLLOWS: _2_ WEEKLY IN PERSON; _2_ WEEKLY BY PHONE.
__ CURFEW IMPOSED 7 DAYS A WEEK FROM _____ P.M. TO _____ A.M.
__ MAINTAIN PRESENT RESIDENCE.
_✓_ TRAVEL RESTRICTED TO THE SOUTHERN DISTRICT OF FLORIDA.
_✓_ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES PROHIBITED BY LAW. *+ treatment if necessary*
__ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.
__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.
__ STAY AWAY FROM COMMERCIAL TRANSPORTATION FACILITIES, MARINAS, BUS TERMINALS AND AIRPORTS.
__ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.
__ COSIGNERS ARE NOT TO FURTHER ENCUMBER PROPERTY DURING PENDENCY OF CASE.
_✓_ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND: *may travel between SDFL + EDNY - advise PTS of all travel*

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is: _____

**DONE AND ORDERED** at Miami, Florida this _30th_ day of _APRIL_ 2002.

TAPE NO. 02C- _30-779_

                                                                           *(signature)*

c: AUSA, Defense Counsel,        **BARRY L. GARBER**
   Pretrial Services, US Marshal    **UNITED STATES MAGISTRATE JUDGE**

*J. McMiller*
*AFPD - Lautenbach*

koia.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-2568- Brown

UNITED STATES OF AMERICA

       Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language ___ENGLISH___
Tape No. _02D-34-090_
AUSA _Wilfreda Ferrer_
Agent _____

v.

PEDRO CAZARES
       Defendant.

DOB: 2-12-79      Reg# 68566-0__

_____/

The above-named defendant having been arrested on __4-25-02__ having appeared before the court for initial appearance on __4-26-02__ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
2. _AFPD - Richard Lautenbach_ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am _5/10_, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _of Court's request_
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am _4/30_, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
    other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
    substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

Page 1 of 2

__PEDRO CAZARES__

___ e. Maintain or begin an educational program.
___ f. Avoid all contact with victims of or witnesses to the crimes charged.
___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___ h. Comply with the following curfew: _____
___ i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___ j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

   If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____
_____

____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

   **DONE AND ORDERED** at Miami, Florida, this __26th__ day of __APRIL__ 2002.

                                          _____
                                          UNITED STATES MAGISTRATE JUDGE
                                          STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

Page 2 of 2

FILED by _PE_ D.C.
DKTG
APR 26 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA
Plaintiff

V.S.

Defendant: Pedro Cazares

Case Number: CR02-2568-STB

REPORT COMMENCING CRIMINAL ACTION

68566-004

TO: Clerk's Office      (Miami)      Ft. Lauderdale      W. Palm Beach
U.S. District Court                  (Circle One)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.

All items are to be completed. Information not applicable or unknown will be indicated "N/A"

(1) Date and Time of Arrest: 4-25-02 @ 1:15pm

(2) Language Spoken: English

(3) Offense(s) Charged: 21USC952-UNLAWFUL IMPORTATION OF NARCOTICS
    21USC841(A) - POSS. W/H INTENT TO DISTR. NARCOTICS

(4) U.S. Citizen      (✓) Yes      ( ) No      ( ) Unknown

(5) Date of Birth: 2-12-79

(6) Type of Charging Document:   (Check One)
    ( ) Indictment   (✓) Complaint   (To be filed)/Already filed

    CASE# _____
    ( ) Bench Warrant for Failure to Appear
    ( ) Probation Violation Warrant
    ( ) Parole Violation Warrant

    Originating District:
    COPY OF WARRANT LEFT WITH BOOKING OFFICER ( ) YES   ( ) NO

Amount of Bond: $ _____   Who set Bond: _____
(7) Remarks: _____

(8) Date: 4-25-02   (9) Arresting Officer: S/A PATTY KELLY

(10) Agency: U.S. CUSTOMS SERVICE   (11) PHONE: (786) 265-7401

(12) Comments: _____



# United States District Court

FILED by _____ D.C.
DKTG
APR 26 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

V.

PEDRO CAZARES

**CRIMINAL COMPLAINT**

CASE NUMBER: 02-2568-STB

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 25, 2002, at Miami International Airport, Miami-Dade County in the Southern District of Florida and elsewhere, the defendant did knowingly and intentionally import into the United States from a place outside thereof, a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

On or about April 25, 2002, at approximately 12:00 p.m., the defendant, PEDRO CAZARES, arrived at Miami International Airport aboard American Airlines Flight #2160 from Cali, Colombia. After being admitted into the United States by the Immigration & Naturalization Service, the defendant presented himself and his luggage to the United States Customs Service for examination. During a secondary examination of the defendant's luggage, United States Customs Inspectors discovered a white powdery substance concealed in the lining of the defendant's backpack, camera bag, computer bag, video camera bag, cd holder and handbag. A field test of the white powdery substance proved positive for the presence of heroin. The estimated weight of the heroin found was 5.5 pounds.

Signature of Complainant
TYRONE TAWIL, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE
APRIL 26, 2002

Sworn to before me, and subscribed in my presence,

APRIL 26, 2002                                            at  Miami, Florida
Date                                                         City and State

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                           Signature of Judicial Officer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-2568-STB

UNITED STATES OF AMERICA

vs.

PEDRO CAZARES
_____/

CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ___ Yes   _X_ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ___Yes   _X_ No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
WIFREDO A. FERRER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0887005
99 N. E. 4th Street
Miami, Florida  33132-2111
TEL (305) 961-9307
FAX (305) 530-7976

N:\vsimmons\Duty\complain.cov